## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT FELTS, :
:
Plaintiff, :
:
v. : No.: 4:17-CV-1291
:
BRENDA TRITT, ET AL., : (Judge Brann)
:
Defendants. :

## MEMORANDUM OPINION

### OCTOBER 19, 2017

## I.    BACKGROUND

Robert Felts, an inmate confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville) initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Along with his complaint, Felts submitted an *in forma pauperis* application.  For the reasons set forth below, Plaintiff's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as Defendants are three SCI-Frackville employees, Superintendent Brenda Tritt as well as Deputy Superintendents Anthony Kovalchik and George Miller.  The complaint solely contends that  "[t]he defendants, each of them, made a concerted decision to release a known dangerous prisoner, with a well documented assaultive history, into general population resulting in Plaintiff being assaulted."  Doc. 1, ¶ IV.  As relief, Plaintiff seeks nominal, compensatory and punitive damages.

## II.    DISCUSSION

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis* under 28 U.S.C. § 1915, *e.g.*, that the full filing fee ultimately must be paid (at least in a non-habeas suit)  § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed *in forma pauperis*, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a

discretionary one," and trial courts "are in the best position" to determine when an

indigent litigant's complaint is appropriate for summary dismissal. *Denton v.*

*Hernandez*, 504 U.S. 25, 33 (1992).

### A. Personal Involvement

A plaintiff, in order to state an actionable civil rights claim, must plead two

essential elements: (1) that the conduct complained of was committed by a person

acting under color of law, and (2) that said conduct deprived the plaintiff of a

right, privilege, or immunity secured by the Constitution or laws of the United

States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw*

*by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims cannot be premised on a theory of *respondeat superior*.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named

defendant must be shown, via the complaint's allegations, to have been personally

involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*,

423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d

Cir. 1976). As explained in *Rode*:

> A defendant in a civil rights action must have personal
> involvement in the alleged wrongs. . . . [P]ersonal involvement
> can be shown through allegations of personal direction or of
> actual knowledge and acquiescence. Allegations of
> participation or actual knowledge and acquiescence, however,
> must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207.

Furthermore, prisoners have no constitutionally protected right to a

grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*,

433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the

[grievance] procedures are constitutionally mandated."); *Speight v. Sims*, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") . While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).

Although the complaint here lists Superintendent Tritt and Deputy Superintendents Kovalchik as Defendants, there are no other factual assertions set forth regarding those officials except a vague assertion that they allowed a dangerous inmate to enter the general population. As such, it appears that Plaintiff is improperly attempting to establish liability against the Defendants based upon their respective supervisory capacities. Likewise, any attempt by Felts to establish liability against the Defendants based upon a failure to take action in response to a post-incident grievance is insufficient.

Based upon an application of the standards set forth in *Rode*, the complaint to the extent that it seeks to establish liability against Defendants under a theory of *respondeat superior* is subject to dismissal. Furthermore, any attempt by Plaintiff to pursue a claim against Defendants based upon the handling of an administrative grievance or complaint does not support a constitutional claim. *See Alexander v. Gennarini*, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident

grievance process not a basis for § 1983 liability).  Since there are no viable assertions of personal involvement set forth in the complaint which could establish that the Defendants were personally involved in constitutional misconduct, entry of dismissal in their favor is appropriate.

**B.      Statute of Limitations**

In reviewing the applicability of the statute of limitations to a civil rights action, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  The United States Supreme Court clarified its decision in *Wilson* when it held that courts "should borrow the general or residual [state] statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989).

Pennsylvania's applicable personal injury statute of limitations is two years. *See* 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993).  Furthermore, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis" of his civil rights claim. *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted).

The question of when a cause of action accrues is a question of federal law. *Smith v. Wambaugh*, 887 F. Supp. 752, 755 (M.D. Pa. 1995).  A civil rights claim accrues when the facts which support the claim reasonably should have become known to the plaintiff.

Felts' pending Complaint is dated July 18, 2017, and will be deemed filed as of that date. *See Houston v Lack*, 487 U.S. 266, 271  (1988)(a prisoner's complaint

is deemed filed at the time it was given to prison officials for mailing to the Court).
However, the Complaint does not allege when the purported violation of his
constitutional rights occurred.  In light of that failure, this Court cannot ascertain
whether Plaintiff's action is timely filed.[1]

###### C.      Failure to Protect

The United States Supreme Court in *Leatherman v. Tarrant County
Narcotics Unit*, 507 U.S. 163, 167 (1993), noted that a § 1983 complaint need only
to comply "with the liberal system of 'notice pleading' set up by the Federal
Rules." *Id.*   As noted above, Plaintiff vaguely claims only that he was assaulted
by a fellow unidentified prisoner at an unknown place and time because prison
officials allowed that inmate to be placed in the general population.

The Eighth Amendment's prohibition of cruel and unusual punishment
imposes duties on prison officials to provide prisoners with the basic necessities of
life, such as food, clothing, shelter, sanitation, medical care and personal safety.
*See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Under *Farmer*, an inmate must
surmount the high hurdle of showing that a prison official actually knew or was
aware of a substantial risk to inmate safety and deliberately disregarded that risk.
*Beers-Capitol v. Whetzel*, 256 F. 3d 120, 125 (3d Cir.  2001).  This requirement of
actual knowledge means that "the official must both be aware of facts from which
the inference could be drawn that a substantial risk of serious harm exists, and he
must also draw the inference." *Farmer*, 511 U.S. at 837.

---

1.  Plaintiff  indicates only that he filed a grievance regarding his pending claim which was dismissed as being untimely.

In *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986), the United States Supreme Court noted that although a lack of due care had resulted in serious injury to an inmate plaintiff, "that lack of care simply does not approach the sort of abusive government conduct" which would warrant recovery under § 1983. Simply put, allegations of negligence "do not trigger constitutional protections." *Whooten v. Bussanich*, No. 07-1441, slip op. at 4 (3d Cir. Sept. 12, 2007)(citation omitted).[2]  There is also no claim by Plaintiff that he advised any prison official either verbally or in writing that the unidentified prisoner posed a threat to his safety.[3]  The complaint also does not include any assertion that an institutional policy or procedure led to Plaintiff's purported assault.  In fact, the complaint provides no details at all regarding the assault itself or the circumstances preceding the alleged attack.  There are clearly no facts presented which could support a claim that any of the Defendants were aware that the alleged assailant posed a threat to Plaintiff's safety prior to the incident.

As noted in *Davidson*, carelessness is not sufficient to warrant liability under § 1983.  Since the complaint fails to set forth any factual allegations which could show that any prison official was aware that Plaintiff was facing a substantial risk of serious harm and deliberately failed to take appropriate action, a viable claim of deliberate indifference has not been stated under *Farmer*.

## III.  CONCLUSION

---

2.   There is no discernible request by Plaintiff that this Court exercise supplemental jurisdiction over a state law negligence claim.  *See* 28 U.S.C. § 1367

3.  Clearly, the inmate population at a state correctional facility such as SCI-Frackville would include dangerous inmates including individuals convicted of violent offenses.

Pursuant to the above discussion, the sparsely worded complaint simply does not sufficiently allege personal involvement by the Defendants in any unconstitutional acts or set forth any assertions which could support a viable timely failure to protect claim. Since Felts' complaint as stated is "based on an indisputably meritless legal theory," his pending claim will be dismissed, without prejudice, as legally frivolous. *Wilson*, 878 F.2d at 774.

If Plaintiff believes that he can cure the deficiencies outlined herein through submission of an amended complaint, he may file a motion for reconsideration within fourteen (14) days of the date of this Memorandum Opinion. Any such motion for reconsideration should be accompanied by a proposed amended complaint.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge